IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | : | CIVIL ACTION NO.  3:13-cv-1271 |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| HAYNES BROKERAGE GROUP, INC., | : | |
| | : | |
| *Defendant.* | : | AUGUST 29, 2013 |

## PLAINTIFF'S COMPLAINT

Plaintiff PHL Variable Insurance Company ("Phoenix"), by and through its attorneys, files this Complaint against Defendant Haynes Brokerage Group, Inc. ("Haynes Brokerage") as follows:

## THE PARTIES

1.      Phoenix is a life insurance company organized under the laws of, and maintains its principal place of business in, the State of Connecticut and is a citizen of the State of Connecticut.

2.      On information and belief, Defendant Haynes Brokerage is a citizen of the Commonwealth of Virginia and may be served with process via its registered agent, John L. Gregory, III, at 400 Starling Avenue, Martinsville, Virginia 24112.

## JURISDICTION AND VENUE

3.      Haynes Brokerage is a citizen of Virginia and subject to the personal jurisdiction of this Court because the Brokerage General Agent Agreement (the "Contract") that governs

Haynes Brokerage's relationship with Phoenix subjects Haynes Brokerage to the jurisdiction of the United States District Court for the District of Connecticut.

4.     This Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens and residents of different states, and the amount in controversy exceeds $75,000.00.

5.     This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.  In addition, the Contract between the parties provides that any disputes arising out of the Contract shall be subject to the laws of the State of Connecticut without regard to Connecticut choice of law rules.

## FACTUAL BACKGROUND

6.     Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance.

7.     Haynes Brokerage is an appointed brokerage general agent of Phoenix.  Pursuant to the Contract, Haynes Brokerage agreed that any disputes arising out of the Contract would be governed by Connecticut law.  This lawsuit arises out of the Contract.

8.     Haynes Brokerage marketed Phoenix life insurance policies to its clients, which resulted in the issuance of the following Phoenix life insurance policy numbers: 97527292 insuring the life of Evan Catsoulis (the "Catsoulis Policy"); 97527278 insuring the life of Patricia Moss (the "Moss I Policy"); and 97527288 insuring the life of Patricia Moss (the "Moss II Policy") (collectively, the "Policies").  Pursuant to the terms of the Contract, Phoenix paid Haynes Brokerage $370,546.34 in compensation upon Phoenix's issuance of the Policies.  More

specifically, Phoenix paid Haynes Brokerage $64,629.30 in compensation upon Phoenix's issuance of the Catsoulis Policy, $199,340.23 in compensation upon the issuance of the Moss I Policy, and $106,576.81 in compensation upon the issuance of the Moss II Policy (the "Compensation").

9.      After its issuance, the Catsoulis Policy was rescinded and Phoenix returned all premiums paid on the Catsoulis Policy to the Catsoulis Policy's owner.  Under the Contract, whenever Phoenix refunds or returns any amount of any premium payment made on a policy or contract, for any reason, any compensation thereon paid by Phoenix to Haynes Brokerage on the policy must be promptly repaid to Phoenix by Haynes Brokerage.

10.      Phoenix has also charged back, or demanded the return of, compensation paid to Haynes Brokerage on the Moss I Policy in the amount of $25,903.96 and on the Moss II Policy in the amount of $12,830.20.  Pursuant to the express terms of the Contract, Haynes Brokerage agreed that it "shall promptly repay to Phoenix the amount of any other charge back of compensation in connection with the Products that have been issued pursuant to [the Contract] . . . ."

11.      While some of Haynes Brokerage's debt has been offset by (1) other compensation payable to Haynes Brokerage but withheld by Phoenix pursuant to the terms of the Contract and/or (2) other offsets to which Haynes Brokerage is entitled, Haynes Brokerage remains liable to Phoenix for $84,529.00.  Phoenix has demanded payment for the Compensation, but Haynes Brokerage has refused to remit any payment to Phoenix.

## CAUSE OF ACTION

## I.
## BREACH OF CONTRACT

12.     Phoenix incorporates paragraphs 1 through 11 as if fully set forth herein.

13.     The Contract is a valid and enforceable written contract under Connecticut law between Phoenix and Haynes Brokerage.  Phoenix has fully performed its obligations under the Contract.  All conditions precedent to Phoenix's recovery against Haynes Brokerage under the terms of the Contract have been performed or have occurred.  Haynes Brokerage's failure and/or refusal, as described above, to honor its obligations under the Contract constitutes a breach of the Contract.

14.     As a result of Haynes Brokerage's breach of the Contract, Phoenix has incurred significant damages.  More specifically, Haynes Brokerage's breach of the Contract has caused Phoenix injury in an amount of at least $84,529.00.

## PRAYER

For the foregoing reasons, Phoenix respectfully requests that the Court:

(a)     enter judgment against Haynes Brokerage Group, Inc., entitling Phoenix to recover its actual damages, less any recoupments and/or offsets, and pre-judgment and post-judgment interest; and

(b)     award such other and further relief, at law or in equity, to which Phoenix may be entitled.

EMH303043

Respectfully submitted,

PLAINTIFF,
PHL VARIABLE INSURANCE COMPANY


By____/s/ Eric L. Sussman_____
        Eric L. Sussman (ct19723)
        DAY PITNEY LLP
        242 Trumbull Street
        Hartford, Connecticut 06103-1212
        (860) 275-0100
        (860) 275-0343 (fax)
        *elsussman@daypitney.com*
        Its Attorneys


OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP
Jessica L. Wilson*
Texas Bar No. 24028230
Andrew R. Kasner*
Texas Bar No. 24078770
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:  (713) 337-5580
Telecopy:  (713) 337-8850
* *Pro hac vice* applications to be filed