UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-1271 (JCH) |
| v. | : | |
| | : | |
| HAYNES BROKERAGE GROUP, INC., | : | FEBRUARY 4, 2014 |
| Defendant. | : | |

**RULING RE: DEFENDANTS' MOTION TO DISMISS (Doc. No. 13)**

**I.     INTRODUCTION**

Plaintiff PHL Variable Insurance Company ("Phoenix") brings this suit against Defendant Haynes Brokerage Group, Inc. ("Haynes Brokerage") for breach of contract. Specifically, Phoenix alleges that it had to return premium payments and make charge backs on certain policies and, that under the parties' contract, Haynes Brokerage is obligated to repay the compensation it received on those policies. See Complaint ("Compl.") at ¶¶ 9-10 (Doc. No. 1).

Before the court is Haynes Brokerage's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s MTD") (Doc. No. 13).  Haynes Brokerage argues that Phoenix cannot recover the necessary amount in controversy to establish subject matter jurisdiction under title 28, United States Code, section 1332.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

Phoenix filed the Complaint on August 29, 2013.  In its Complaint, Phoenix alleges that Haynes Brokerage owes it $84,529.00 under the terms of their contract. Compl. at ¶ 11.  Haynes Brokerage sells Phoenix life insurance policies and is paid compensation by Phoenix upon the issuance of the policies it sells.  Id. at ¶ 8.  At issue

1

are the following policies: 97527292 ("Catsoulis Policy"), 97527278 ("Moss I Policy"), and 97527288 ("Moss II Policy").  Phoenix alleges it paid Haynes Brokerage $64,629.30 upon issuance of the Catsoulis Policy, $199,340.23 upon issuance of the Moss I Policy, and $106,576.81 upon issuance of the Moss II Policy, totaling $370,546.34.  Id.

Phoenix further alleges that it had to later rescind the Catsoulis Policy and return all premiums paid to the Catsoulis Policy's owner.  Id. at ¶ 9.  Phoenix also alleges it had to charge back $25,903.96 and $12,830.20 on the Moss I and Moss II Policies, respectively.  Id. at ¶ 10.  According to Phoenix, the terms of the contract require Haynes Brokerage to repay all compensation received under the Catsoulis Policy, as well as the amount of the Moss I and II chargebacks.  Id. at ¶¶ 9-10.  Taking offsets[1] into consideration, Phoenix alleges Haynes Brokerage still owes it at least $84,529.00.  Id. at ¶ 14.

On November 4, 2013, Haynes Brokerage filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s MTD") under Rule 12(b)(1) of the Federal Rules of Civil Procedure, citing a lack of the requisite amount in controversy pursuant to 28 U.S.C. § 1332.  Def.'s MTD at 1.  On November 25, 2013, Phoenix filed a Motion in Opposition to Haynes Brokerage's Motion to Dismiss ("Pl.'s Opp. Mem.") (Doc. No. 17).  Haynes Brokerage filed a reply memorandum ("Def.'s Reply") on December 10, 2013.

---

[1] The offsets are "(1) other compensation payable to Haynes Brokerage but withheld by Phoenix pursuant to the terms of the Contract and/or (2) other offsets to which Haynes Brokerage is entitled[.]" Compl. ¶ 11. Both parties agree that the amount of the offsets equals $18,834.46. Def.'s MTD fn. 1; Pl.'s Opp. Mem. fn. 2.

**III.     STANDARD OF REVIEW**

    A.     <u>Motion to Dismiss Pursuant to Rule 12(b)(1)</u>

Under Fed.R.Civ.P 12(b)(1), the court dismisses a complaint for lack of subject matter jurisdiction when it lacks constitutional authority to adjudicate the suit.  <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir.2000).  In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint."  <u>Shipping Fin. Serv. Corp. v. Drakos</u>, 140 F.3d 129, 131 (2d Cir.1998) (citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  However, the court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]."  <u>Id</u>.  (citing <u>Norton v. Larney</u>, 266 U.S. 511, 515, 45 S.Ct. 145, 69 L.Ed. 413 (1925)).  On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint.  <u>Makarova</u>, 201 F.3d at 113; see also <u>Malik v. Meissner</u>, 82 F.3d 560, 562 (2d Cir.1996); <u>In re Joint E. & So. Dist. Asbestos Litig.</u>, 14 F.3d 726, 730 (2d Cir.1993).  Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits."  <u>Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi</u>, 215 F.3d 247, 253 (2d Cir.2000).

**IV.     DISCUSSION**

    A.     <u>Motion to Dismiss for lack of Subject Matter Jurisdiction: Amount in Controversy</u>

Haynes Brokerage argues that this court lacks subject matter jurisdiction over this case because the amount in controversy does not exceed $75,000.  Def.'s MTD at 1.  Phoenix claims that this case is in federal court pursuant to section 1332(a) of title 28

3

of the United States Code, which confers jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).  The complete diversity of the parties is not disputed; the only dispute regards the amount in controversy.

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir.1994) (citing Moore v. Betit, 511 F.2d 1004, 1006 (2d Cir.1975)).  "This burden is hardly onerous, however, for we recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" Scherer v. Equitable Life Assur. Soc., 347 F.3d 394, 397 (2d Cir.2003) (quoting Wolde–Meskel v. Vocational instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir.1999)).  "To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional amount." Id. (quoting Wolde–Meskel, 166 F.3d at 63).  This requires the opposing party to show that "[t]he legal impossibility of recovery . . . [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim." Id. (quoting Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070–71 (2d Cir.1996)).

Both parties agree that Haynes Brokerage owes Phoenix the $64,629.30 paid to it under the Catsoulis Policy, which is to be reduced by offsets of $18,834.46.  Def.'s Reply at 1; Pl.'s Opp. Mem. at 5 and fn 2.  Thus, there are undisputed damages of at

4

least $45,794.84. The parties dispute, however, the amounts owed under the Moss I and Moss II Policies.

The main point of contention involves the premium payment on which Haynes Brokerage's compensation payments are based (the "Base Premium"). The agreement provides for a 90% commission rate and a 20% "EAP"[2] rate. Total compensation is calculated as 0.9 x (Base Premium) + 0.2 x (Base Premium).[3] Pl.'s Opp. Mem. at 7; Def.'s MTD at 3. Thus, a different Base Premium will yield different total compensation owed.

Haynes Brokerage argues that the Base Premium is the CTP, or commissionable target premium. Def.'s MTD at 3. Phoenix, however, argues that the Base Premium is equal to the actual amount of the premiums received, and not the CTP. Pl.'s Opp. Mem. at 6-7.

Under the Moss I Policy, the CTP is $170,000; the actual premiums received are $157,699.33. Under the Moss II Policy, the CTP is $85,000, while the actual premiums received are $97,300.67. Depending on which Base Premium is used, the amount in controversy either is or is not greater than $75,000.[4] However, the determination of the correct Base Premium in the compensation formula requires review of the contract between Phoenix and Haynes Brokerage, which is a substantive—not procedural—

---

[2] EAP stands for expense allowance payments.

[3] In cases where the actual premiums paid are greater than the commissionable target premium (CTP), the compensation formula also includes 2% of the amount of the overpayment. Pl.'s Opp. Mem. at 8.

[4] The Base Premium is used to calculate the total compensation owed to Haynes Brokerage, which is then deducted from the amount Phoenix already paid Haynes Brokerage upon the issuance of the Moss I and II polices.

issue.  And, as this court has previously stated, "the defendant [ ] cannot defeat subject matter jurisdiction by arguing the substance of their case." Gibson v. Scap, 2013 WL 1092905 (D. Conn. Mar. 14, 2013).  Haynes Brokerage, in disputing Phoenix's calculation of damages, has not rebutted the presumption that the Complaint is a good faith representation of the amount in controversy, and it certainly has not shown that "[t]he legal impossibility of recovery . . . [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim." Scherer, 347 F.3d at 397 (quoting Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070–71 (2d Cir.1996)).

Because Haynes Brokerage has failed to show to a legal certainty that Phoenix cannot recover damages greater than $75,000, their Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied.

### V.  CONCLUSION

For the reasons stated above, the court **DENIES** defendant Haynes Brokerage's Motion to Dismiss (Doc. No. 13).

**SO ORDERED.**

Dated at New Haven, Connecticut this 4th day of February, 2014.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge